237. The conditions of the Clermont Assignment could never have been fulfilled due to the condition of and restrictions on the property.

238. Eiffel does not have an adequate remedy at law for Horizon's breach of the Clermont Assignment.

239. Rescission of the Clermont Assignment will substantially restore the status quo among the parties thereto.

240. As a result of Horizon's breach, the Clermont Assignment should be rescinded.

## TENTH COUNTERCLAIM AGAINST KIMBERLEY CARPENTER, ESQ.

241. Counterclaim-Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "240" as if fully set forth herein.

242. Carpenter acted as escrow agent on the Lauren Tice Assignment.

243. The Lauren Tice Assignment provided that Carpenter was to disburse the $50,000 deposited by Eiffel to Fairview only upon the receipt of sketch approval from the Town of Saugerties.

244. Upon information and belief, the Lauren Tice Property never received sketch approval from the Town of Saugerties.

245. As escrow agent, Carpenter owed a duty to Eiffel to act in strict compliance with the powers granted to her pursuant to the Lauren Tice Assignment.

246. Upon information and belief, in breach of the fiduciary duty she owed to Eiffel, Carpenter wrongfully disbursed the $50,000 Eiffel deposited to Fairview.

247. Based on the foregoing, as a result of Carpenter's breach of the fiduciary duty she owed to Eiffel, Eiffel has been damaged in an amount in excess of $50,000.

### ELEVENTH COUNTERCLAIM AGAINST KIMBERLEY CARPENTER, ESQ.

248. Counterclaim-Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "247" as if fully set forth herein.

249. Carpenter acted as escrow agent on the Churchland and Clermont Assignments.

250. Based on Carpenter's breach of the fiduciary duty she owed to Eiffel pursuant to the terms of the Lauren Tice Assignment, Eiffel is entitled to an accounting of the monies Carpenter retains in escrow pursuant to the Churchland and Clermont Assignments.

### JURY TRIAL DEMANDED

251. Eiffel hereby demands a trial by jury of all issues so triable.

WHEREFORE, Defendant, Counterclaim-Plaintiff Eiffel Investment Group and Associates LLC, demand judgment dismissing Plaintiffs, Counterclaim-Defendants' complaint in its entirety; and on Counterclaim-Plaintiff's counterclaims:

1) on its first cause of action, an amount in excess of $100,000, plus $32,596 for the costs associated with the attempt to obtain approvals to develop the property, plus interest as provided by law;

2) on its second cause of action, an amount in excess of $150,000, plus $32,596 for the costs associated with the attempt to obtain approvals to develop the property, plus interest as provided by law;

3) on its third cause of action, an amount in excess of $100,000, plus interest as provided by law;

4) on its fourth cause of action, an amount in excess of $100,000, plus $32,596 for the costs associated with the attempt to obtain approvals to develop the property, plus the attorneys' fees, costs and expenses Eiffel will incur in furtherance of its counterclaim in an amount to be determined at trial, plus interest as provided by law;

5) on its fifth cause of action, rescission of the Churchland Assignment;

6) on its sixth cause of action, an amount in excess of $150,000, plus $32,596 for the costs associated with the attempt to obtain approvals to develop the property, plus the attorneys' fees, costs and expenses Eiffel will incur in furtherance

of its counterclaim in an amount to be determined at trial, plus interest as provided by law;

7) on its seventh cause of action, rescission of the Lauren Tice Assignment;

8) on its eighth cause of action, an amount in excess of $100,000, plus $32,596 for the costs associated with the attempt to obtain approvals to develop the property, plus the attorneys' fees, costs and expenses Eiffel will incur in furtherance of its counterclaim in an amount to be determined at trial, plus statutory interest as provided by law;

9) on its ninth cause of action, rescission of the Clermont Assignment;

10) on its tenth cause of action, an amount in excess of $50,000, plus interest as provided by law; and

11) on its eleventh cause of action for an accounting of the monies Carpenter holds in escrow pursuant to the Churchland and Clermont Assignments, plus such other and further relief as this Court may deem just, proper and equitable.

DATED:  Melville, New York
        June 29, 2007

                                             LAZER, APTHEKER, ROSELLA
                                                  & YEDID, P.C.

                                            By: David Lazer (DL-7441)
                                            *Attorneys for Defendants and*
                                            *Counterclaim-Plaintiff*
                                            225 Old Country Road
                                            Melville, New York 11747
                                            (631) 761-0800

TO:  Vincent E. Bauer
      Law Offices of Vincent E. Bauer
      *Attorney for Plaintiffs*
      475 Park Avenue South, 25th Floor
      New York, NY 10016
      (212) 575-1517