UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
KIMBERLEY A. CARPENTER, ET AL., ARTHUR ACKERT,
JR., ARTHUR ACKERT, SR., DENNIS LORE AND
SUPERIOR WALLS OF THE HUDSON VALLEY, INC.,

                                                        Plaintiffs,
    -against-                                             ANSWER TO
                                                              COUNTERCLAIMS

MARIE PUPKE and EIFFEL INVESTMENT GROUP AND
ASSOCIATES, LLC.,
                                             Defendants.         Civil Action No.:
------------------------------------------------------------------------------x    07-civ-5689
EIFFEL INVESTMENT GROUP AND ASSOCIATES, LLC.,    (UA/LMS)

                                          Counterclaim-Plaintiff,
    -against-

KIMBERLEY A. CARPENTER, ARTHUR ACKERT, JR. and
DENNIS LORE,

                                            Counterclaim-Defendants.
------------------------------------------------------------------------------x

       Counterclaim Defendants, by and through their attorneys, THE LAW OFFICES

OF VINCENT E. BAUER, respond to the counterclaims against them as follows:

FIRST COUNTERCLAIM

       180.   Counterclaim Defendants, in answer to the allegations contained in

paragraphs "1" through "179, respectfully refer the Court to the responses of the Third-

Party Defendants to the identical allegations contained in the Third-Party Complaint.

       181.   Deny the allegations contained in paragraph 181.

       182.   Deny the allegations contained in paragraph 182.

       183.   Deny the allegations contained in paragraph 183.

       184.   Deny the allegations contained in paragraph 184.

1

185. Deny the allegations contained in paragraph 185.

186. Deny the allegations contained in paragraph 186.

## SECOND COUNTERCLAIM

187. Counterclaim Defendants, in answer to the allegations contained in paragraphs "1" through "186, respectfully refer the Court to the responses of the Third-Party Defendants to the identical allegations contained in the Third-Party Complaint.

188. Deny the allegations contained in paragraph 188.

189. Deny the allegations contained in paragraph 189.

190. Deny the allegations contained in paragraph 190.

191. Deny the allegations contained in paragraph 191.

192. Deny the allegations contained in paragraph 192.

193. Deny the allegations contained in paragraph 193.

194. Deny the allegations contained in paragraph 194.

## THIRD COUNTERCLAIM.

195. Counterclaim Defendants, in answer to the allegations contained in paragraphs "1" through "194, respectfully refer the Court to the responses of the Third-Party Defendants to the identical allegations contained in the Third-Party Complaint.

196. Deny the allegations contained in paragraph 196.

197. Deny the allegations contained in paragraph 197.

198. Deny the allegations contained in paragraph 198.

199. Deny the allegations contained in paragraph 199.

199. Deny the allegations contained in paragraph 199.

200. Deny the allegations contained in paragraph 200.

201. Deny the allegations contained in paragraph 201.

<u>TENTH COUNTERCLAIM AGAINST KIMBERLEY A. CARPENTER, ESQ.</u>

241. Counterclaim Defendants, in answer to the allegations contained in paragraphs "1" through "240" of the Counterclaim, respectfully refer the Court to the responses of the Third-Party Defendants to the identical allegations contained in the Third-Party Complaint.

242. Deny each and every allegation set forth in the Counterclaim as contained in the paragraph thereof number "242".

243. Deny the allegations set forth in the Counterclaim as contained in paragraph thereof numbered "243", except refer the Court to the Lauren Tice assignment agreement for its true and correct terms.

244. Deny each and every allegation set forth in the Counterclaim as contained in the paragraphs thereof numbered "244".

245. Deny each and every allegation set forth in the Counterclaim as contained in the paragraph thereof numbered "245", state that CARPENTER was not an escrow agent, and refer the Court to the terms of the Lauren Tice assignment as to its true and correct terms.

246. Deny each and every allegation set forth in the Counterclaim as contained in the paragraph thereof numbered "246".

247. Deny each and every allegation set forth in the Counterclaim as contained in the paragraph thereof numbered "247".

<u>ELEVENTH COUNTERCLAIM AGAINST KIMBERLEY A. CARPENTER, ESQ.</u>

248. Counteclaim Defendants repeat her responses to the allegations contained in paragraphs "1" through "247" of the Counterclaim.

249. Deny each and every allegation set forth in the Counterclaim as contained in the paragraph thereof numbered "249" and state that CARPENTER was not an escrow agent.  Funds were deposited into CARPENTER'S escrow account only after a condition precedent occurred, triggering the funds immediate disbursement under the terms and conditions of the assignments.

250. Deny each and every allegation set forth in the Counterclaim as contained in the paragraph thereof numbered "250".

## AFFIRMATIVE DEFENSES

1. The Counterclaims fail to state a cause of action upon which relief may be granted.

WHEREFORE, the Counterclaim Defendants demand judgment dismissing the counterclaims against them, together with costs and disbursements.

DATED:  New York, New York
              September 17, 2007

                              LAW OFFICES OF VINCENT E. BAUER

                              BY: _____
                                VINCENT E. BAUER
                                 Attorneys for Counterclaim Defendants
                                475 Park Avenue South, 25th Floor
                                New York, New York 10016
                                (212) 575-1517