UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KIMBERLEY A. CARPENTER, ARTHUR ACKERT,
JR., ARTHUR ACKERT, SR., DENNIS LORE, and
SUPERIOR WALLS OF THE HUDSON VALLEY,
INC.,

                              Plaintiffs,

        - against -

MARIE PUPKE and EIFFEL INVESTMENT GROUP          Civil Action No.
AND ASSOCIATES, LLC,                             07-civ-5689 (UA/LMS)

                              Defendants.
-----------------------------------------------------------------X
EIFFEL INVESTMENT GROUP AND ASSOCIATES,
LLC.,
                                                 **REPLY TO AMENDED**
                      Counterclaim-Plaintiff,    **THIRD-PARTY**
                                                 **COUNTERCLAIMS**
        - against -

KIMBERLEY A. CARPENTER, ARTHUR ACKERT,
JR., DENNIS LORE, SUPERIOR WALLS OF THE
HUDSON VALLEY, INC.,AACK LAND
DEVELOPMENT, LLC., FAIRVIEW BLOCK AND
SUPPLY CORP., and HORIZON REAL PROPERTY
DEVELPOMENT, LLC.,

                      Counterclaim-Defendants.
-----------------------------------------------------------------X

        Defendant/ Third-Party Plaintiff Eiffel Investment Group and Associates LLC, by its

attorneys, Lazer, Aptheker, Rosella & Yedid, P.C., replies to the Counterclaims contained in

the Answer to the Third-Party Complaint as follows:

    1.    Denies knowledge or information sufficient to form a belief.

    2.    Denies knowledge or information sufficient to form a belief.

3.      Denies knowledge or information sufficient to form a belief.

4.      Admits.

5.      Admits and refers the Court to the Contract of Sale for interpretation of its terms.

6.      Admits and refers the Court to the Contract of Sale for interpretation of its terms. Denies knowledge or information sufficient to form a belief as to whether the funds were and are held in escrow by George Redder, Esq.

7.      Admits and refers the Court to the Contract of Sale for interpretation of its terms.

8.      Admits that the parties entered into an Assignment of Contract dated September 27, 2006 and defers to the Court for interpretation of its terms.

9.      Admits that Eiffel was to deposit $50,000 into Kimberley Carpenter's escrow account pursuant to the terms and conditions of the Assignment of Contract and refers the Court to the Assignment of Contract for interpretation of its terms, but denies that the funds were to be immediately disbursed to Horizon.

10.     Admits that Eiffel wired money to Carpenter pursuant to the Assignment of Contract and refers the Court to the Assignment of Contract for interpretation of its terms. Denies knowledge or information sufficient to form a belief that the funds wired by Eiffel were disbursed to Fairview.

11.    Admits and refers the Court to the Assignment of Contract for interpretation of its terms.

12.    Denies.

13.    Denies knowledge or information sufficient to form a belief.

14.    Admits that Arthur Ackert, Jr. purported to advise Eiffel that sketch approval had been obtained and requested that Eiffel remit $50,000. Denies knowledge or information sufficient to form a belief as to whether Arthur Ackert, Jr. acted on behalf of Fairview.

15.    Denies.

16.    Admits that Fairview forwarded to Eiffel a letter purporting to be from William Green. Denies that the letter evidenced that sketch approval had been obtained.

17.    Denies, knowledge or information sufficient to form a belief, except admits that Eiffel wired $50,000 to Kimberley Carpenter, Esq. pursuant to the Assignment of Contract after receiving notice of the purported sketch approval.

18.    Admits and refers the Court to the Assignment of Contract for interpretation of its terms.

19.    Admits and refers the Court to the Assignment of Contract for interpretation of its terms.

20.    Admits and refers the Court to the Assignment of Contract for interpretation of its terms.

3

21.    Admits and refers the Court to the Assignment of Contract for interpretation of its terms.

22.    Admits that the quoted language appears in the Assignment of Contract and refers the Court to the Assignment of Contract for interpretation of its terms.

23.    Admits that Eiffel sent a letter to Lore and Ackert, Jr. on or about April 30, 2007, and refers to that letter for its true meaning and legal content.

24.    Admits that Eiffel sent a letter to Mr. George Redder, Esq, the attorney for Norman Heese and refers to that letter for its true meaning and legal content.

25.    Denies.

26.    Denies knowledge or information sufficient to form a belief.

27.    Denies.

28.    Denies.

29.    Admits and refers the court to the Contract of Sale for interpretation of its terms.

30.    Denies knowledge or information sufficient to form a belief.

31.    Admits and refers the court to the Contract of Sale for interpretation of its terms.

32.    Admits and refers the court to the Contract of Sale for interpretation of its terms.

33.    Admits and refers the court to the Contract of Sale for interpretation of its terms.

34.    Admits that Horizon and Eiffel entered into an Assignment of Contract dated September 27, 2006 and defers to the Court for interpretation of its terms.

35.    Admits and refers the Court to the Assignment of Contract for interpretation of its terms.

36.    Admits that Eiffel wired money to Carpenter pursuant to the Assignment of Contract, but denies that Eiffel wired $150,000. Eiffel refers the Court to the Assignment of Contract for interpretation of its terms. Denies knowledge or information sufficient to form a belief that Carpenter disbursed the funds to Horizon.

37.    Admits and refers the Court to the Assignment of Contract for interpretation of its terms.

38.    Denies that Eiffel agreed to pay an additional $4,000 for each lot over 30 lots approved for preliminary approval and refers the Court to the Assignment of Contract for interpretation of its terms.

39.    Admits that the quoted language appears in the Assignment of Contract and refers the Court to the Assignment of Contract for interpretation of its terms.

40.    Admits that the quoted language appears in the Assignment of Contact and refers the Court to the Assignment of Contract for interpretation of its terms.

41.    Denies.

42.    Denies.

43.    Denies.

44.    Denies.

45.    Denies, except admits that a letter was sent to counsel for Horizon in or about July of 2007, and refers the Court to that letter for its true meaning and legal content.

46.    Denies.

47.    Denies knowledge or information sufficient to form a belief.

48.    Denies.

49.    Denies.

50.    Admits and refers the Court to the Contract of Sale for interpretation of its terms.

51.    Admits and refers the Court to the Contract of Sale for interpretation of its terms.

52.    Admits and refers the Court to the Contract of Sale for interpretation of its terms.

53.    Admits and refers the Court to the Contract of Sale for interpretation of its terms.

54.    Admits and refers the court to the Contract of Sale for interpretation of its terms.

55.    Admits and refers the court to the Contract of Sale for interpretation of its terms.

56.    Admits that Eiffel and AACK entered into an Assignment of Contract dated June 12, 2006 and defers to the Court for interpretation of its terms.

57.    Admits and refers the Court to the Assignment of Contract for interpretation of its terms.

58.    Admits that Eiffel wired money to Carpenter pursuant to the Assignment of Contract and refers the Court to the Assignment of Contract for interpretation of its terms. Denies knowledge or information sufficient to form a belief that Carpenter disbursed the funds to AACK.

59.    Admits and refers the Court to the Assignment of Contract for interpretation of its terms.

60.    Admits and refers the Court to the Assignment of Contract for interpretation of its terms.

61.    Admits that the quoted language appears in the Assignment of Contract and refers the Court to the Assignment of Contract for interpretation of its terms.

62.    Admits that the quoted language appears in the Assignment of Contract and refers the Court to the Assignment of Contract for interpretation of its terms.

63.    Admits that the quoted language appears in the Assignment of Contract and refers the Court to the Assignment of Contract for interpretation of its terms.

64.    Admits that Eiffel sent a letter to AACK on or about April 30, 2007, and refers the Court to the letter for its true meaning and legal content.

65.    Denies.

66.    Denies knowledge or information sufficient to form a belief.

67.    Denies.

68.    Denies.

69.    Repeats and reiterates its responses to paragraphs "1" through "68" as if fully set forth herein.

70.    Denies.

71.    Denies.

72.    Denies.

73.    Denies.

74.    Repeats and reiterates its responses to paragraphs "1" through "73" as if fully set forth herein.

75.    Denies.

76.    Denies.

77.    Denies.

78.    Denies.

79.    Repeats and reiterates its responses to paragraphs "1" through "78" as if fully set forth herein.

80.    Denies.

81.    Denies.

82.    Denies.

83.    Denies.

84.    Repeats and reiterates its responses to paragraphs "1" through "83" as if fully set forth herein.

85.    Admits and refers the Court to the Contract of Sale for interpretation of its terms.

86.    Denies, except admits that the Contract of Sale expressly sets forth the duties of Fairview with respect to obtaining subdivision approval and refers the Court to the Contract of Sale for interpretation of its terms.

87.    Admits and refers the Court to the Assignment of Contract for interpretation of its terms.

88.    Denies, except admits that Eiffel is in possession of the Contract of Sale between Fairview and Norman Heese.

89.    Denies, except admits that Eiffel sent a letter to seller's counsel with respect to the Lauren Tice Property, and refers the Court to the letter for its true meaning and legal content.

90.    Denies.

9

WHEREFORE, Defendant Counterclaim-Plaintiff Eiffel Investment Group and
Associates LLC, demands judgment dismissing the counterclaims of the Third-Party
Defendants in their entirety, plus such other and further relief as this Court may deem just,
proper and equitable.

DATED:     Melville, New York
           October 5, 2007

                                        LAZER, APTHEKER, ROSELLA
                                          & YEDID, P.C.

                                        By: _____
                                            MICHELE A. PINCUS (MAP-0333)
                                            *Attorneys for Defendants and*
                                              *Counterclaim-Plaintiff*
                                            225 Old Country Road
                                            Melville, New York 11747
                                            (631) 761-0800

TO:    Vincent E. Bauer
       Law Offices of Vincent E. Bauer
       *Attorney for Plaintiffs*
       475 Park Avenue South, 25th Floor
       New York, NY 10016
       (212) 575-1517

10

**Certificate of Service**

I hereby certify that on October 5, 2007, the foregoing document was filed with the Clerk of

the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern

District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following

parties and participants:

Vincent E. Bauer
Law Offices of Vincent E. Bauer
*Attorney for Plaintiffs*
475 Park Avenue South, 25th Floor
New York, NY 10016
(212) 575-1517

LAZER, APTHEKER, ROSELLA
& YEDID, P.C.

By: Michele A. Pincus (MAP-0333)
*Attorneys for Defendants and
Counterclaim-Plaintiff*
225 Old Country Road
Melville, New York 11747
(631) 761-0800