**GREGG J. BORRI LAW OFFICES**
61 Broadway, Suite 2125
New York, New York 10006
(212) 980-8866

**Attorneys for Defendants & Counterclaim Plaintiff**
*Marie Pupke & Eiffel Investment Group and Associates, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KIMBERLY A. CARPENTER, et al.,

                Plaintiffs,

  -against-                                          07 CIV 5689 (UA/LMS)
                                                        ECF Case
MARIE PUPKE, et ano.,

                Defendants.
------------------------------------------------------------------------X    MEMORANDUM OF LAW
EIFFEL INVESTMENT GROUP AND                                    IN SUPPORT OF MOTION
ASSOCIATES, LLC,                                                           FOR LEAVE
                                                                        TO SERVE FIRST
                Counterclaim Plaintiff,                   AMENDED ANSWER AND
                                                                          COUNTERCLAIMS

  -against-

KIMBERLY A. CARPENTER,
ARTHUR ACKERT, JR.,
DENNIS LORE,
ARTHUR ACKERT, SR.,
SUPERIOR WALLS OF HUDSON VALLEY, INC.,
AACK LAND DEVELOPMENT, LLC,
HORIZON REAL PROPERTY DEVELOPMENT, LLC,
and FAIRVIEW BLOCK AND SUPPLY CORP.,

                Counterclaim Defendants.
------------------------------------------------------------------------X

       Defendants Marie Pupke and Eiffel Investment Group & Associates, LLC, by their

attorneys, submit this memorandum of law in support of their motion for leave to serve a First

Amended Answer and Counterclaims.

1

**Defendants' Contentions**

Briefly stated, the defendants contend in their Answer and Counterclaims and their First Amended Answer and Counterclaims that this case arises out of three real estate transactions involving three undeveloped properties in upstate New York: one located on Churchland Road in the town of Saugerties, New York; a second located on Lauren Tice Road, also in the town of Saugerties; and a third located on Commons Road in the town of Clermont, New York.

Plaintiffs Dennis Lore, Arthur Ackert, Jr., and Arthur Ackert, Sr., are or were partners in the acquisition and proposed development of residential subdivisions on the three properties. Plaintiff Kimberly Carpenter, Ackert, Sr.'s daughter and Ackert, Jr.'s sister, a licensed attorney, represented the partnership. Superior Walls of Hudson Valley, Inc. is a corporation operated by the Ackerts.

During the first half of 2006, acting through corporate entities – AACK Land Development, LLC, Fairview Block & Supply Corp., and Horizon Real Property Development, LLC – Lore and the Ackerts entered into contracts for the purchase of the three properties, contingent on their obtaining approvals for the development of subdivisions on the properties. Carpenter represented the partnership.

Defendants Marie Pupke and Eiffel Investment Group & Associates, LLC are resident in the state of Florida where they are engaged in the real estate business. In the summer of 2006, Ms. Pupke and her husband Mark Pupke, both officers of Eiffel, exploring the prospect of real estate development in New York State, were introduced to Mr. Lore and Mr. Ackert, Jr. During the discussions that followed, Lore and Ackert discussed and showed Eiffel proposed subdivision developments for each of the three properties and proposed that the partnership assign its interests in the purchase contracts for the three properties to Eiffel.

Defendants contend, *inter alia*, that, during these discussions, Lore and Ackert, Jr., acting on behalf of the partnership and the corporate entities, falsely represented to Eiffel, among other things, that they had caused engineering analyses of the feasibility of the proposed developments to be conducted, had communicated and received favorable rulings from town officials, and that their engineers had concluded the proposed developments were feasible.

In connection with the proposed assignments, Lore, Ackert, Jr., and Carpenter also made false representations and warranties to Eiffel concerning the amount of the deposit placed by them on the Churchland Road property, that the parties were in good standing under the purchase contracts, that the purchase contracts were assignable without permission of the sellers, that the corporate entities were in good standing, and that the corporate entities had the right to make the assignments.

Based on these representations, during the summer of 2006, Lore and the Ackerts, through their controlled corporate entities, and represented by Kimberly Carpenter, entered into assignment agreements with Eiffel Investment Group & Associates, LLC, whereby they assigned their interests in the purchase contracts to Eiffel, but committed to pursue and complete the subdivision approval process for the properties on behalf of Eiffel. Pursuant to the assignments, Eiffel paid approximately $380,000.00 into Kimberly Carpenter's escrow account for the benefit of the plaintiffs.

Following execution of the assignments, and unbeknownst to defendants, counterclaim defendants, ignoring the advice of the engineering firm they had retained and the comments of consultants for the town of Saugerties, submitted to the town planning boards proposed subdivision maps that were not based upon engineering investigation or analysis, failing, among other deficiencies, to account for wetlands, zoning, and, in the case of the Lauren Tice Road

property, access. The partnership did this in order to obtain "sketch approval", which, under the terms of the assignments, would trigger payment of additional monies to the counterclaim defendants. These submissions, however, not being based on engineering analyses, did nothing to meaningfully advance the subdivision approval process.

Lore and Ackert evidently obtained sketch approval of one map and demanded additional monies from Eiffel. However, the subdivision approval process for that property could not proceed further because the submissions were utterly incomplete. Lore and Ackert also claimed they obtained sketch approval of a map for the Churchland property and demanded $100,000.00. This claim was false.

Lore, Ackert and Carpenter also refused to give notice of the assignments to the sellers even though Eiffel demanded that they do so.

In the first several months of 2007, Eiffel contacted the engineering firm retained by the partnership and a wetlands delineator recommended by that engineering firm. From these sources, Eiffel learned that Lore and the Ackerts had done little or no engineering due diligence on their subdivision proposals, that substantial portions of two of the properties were covered by regulated wetlands that would significantly limit development, that Lore and the Ackerts had not determined whether a subdivision on one of the properties could be accessed from the road, and that the subdivision plans Lore and the Ackert had pitched to Eiffel were not feasible. Indeed, the engineering firm advised that Lore and Ackert had ignored their advice to conduct appropriate due diligence on the plans for the proposed subdivisions.

Appalled and feeling victimized and defrauded, Marie Pupke sent emails demanding the return of the monies Eiffel had paid. Further communications ensued and the transactions broke down. This suit followed.

## Prior Pleadings

Plaintiffs' complaint, filed in Supreme Court, Westchester County, in May 2007, asserts a cause of action for libel on behalf of Carpenter, Ackert, Jr., Ackert, Sr., Lore and Superior Walls of Hudson Valley, Inc., against defendants Marie Pupke and Eiffel and seeks damages of twenty million dollars. The libel claim arises out of communications that occurred in the context of the three real estate assignments.

In or about June of 2007, the case was removed to this Court. Defendants answered the complaint and asserted counterclaims arising out of the assignments of the real estate contracts. In asserting those counterclaims, defendants summoned as additional counterclaim defendants the three corporate entities employed by the Lore-Ackert partnership in their dealings with Eiffel: namely AACK Land Development, LLC, Fairview Block and Supply Corp. and Horizon Real Property Development, LLC. Defendants asserted counterclaims for fraud in the inducement, breach of the assignments, failure of condition of the assignments, and breach of escrow agreement by attorney Carpenter.

At the end of August 2007, and in late September 2007, counterclaim defendants answered the counterclaims, denying the allegations, and asserted counterclaims of their own arising out of the real estate transactions. Those counterclaims assert causes of action for breach of the assignment agreements and intentional interference with contract.

In late September 2007, defendants served a reply to the counterclaims asserted by the counterclaim defendants.

## Status of Discovery

Following the close of pleadings, in the fall of 2007, the parties served discovery requests and exchanged document productions. However, the relationship between defendants and their then counsel, Lazer, Aptheker, Rosella & Yeded, P.C., deteriorated and in February 2008, that firm moved to stay discovery and to withdraw as counsel. The stay of discovery was granted, as was, eventually, the motion to withdraw as counsel.

Current counsel for the defendants appeared in April 2008 and a new discovery schedule was put in place. Counsel for the defendants obtained documents from plaintiffs and issued approximately 10 subpoenas to various non-party witnesses. Most of the subpoenaed witnesses have responded to the subpoenas. The documents obtained as a result of those subpoenas are being furnished to plaintiffs' counsel.

To date, no depositions have been taken in the case, the parties intending to obtain relevant documentation before engaging in the multiple party depositions that are contemplated.

## The Proposed First Amended Answer and Counterclaims

The First Amended Answer and Counterclaims that defendants seek leave to serve is based on the same transactions and occurrences that are the subject of the initial complaint, answer, and counterclaims. The proposed First Amended Answer and Counterclaims refines some of the causes of action previously asserted and asserts additional legal theories of defense and recovery against the various counterclaim defendants.

In terms of additional legal theories, the proposed First Amended Answer and Counterclaims asserts an additional affirmative defense of qualified privilege, and asserts additional causes of action for aiding and abetting fraud, breach of fiduciary duty, breach of warranty, partnership liability and piercing the corporate veil against the three corporate entities

employed by the partnership.

## Argument

The standards applicable to a motion to amend a pleading are well settled. Leave to amend a pleading should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co*., 404 F.3d 566, 604 (2d Cir. 2005); *Anthony v. City of New York*, 339 F.3d 129, 138 fn. 5 (2d Cir. 2003). The Second Circuit has held that,

> Leave to amend a complaint "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), and if the [moving party] has at least colorable grounds for relief, justice does so require unless the [moving party] is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party.

*S.S. Silberblatt, Inc. v. East Harlem Pilot Block—Building 1 Housing Development Fund Co., Inc*., 608 F.2d 28, 42 (2nd Cir. 1979) (*emphasis supplied*).

This Honorable Court, moreover, has recognized a general presumption in favor of granting leave to amend pleadings. *A.V. by Versace, Inc. v. Gianni Versace S.p.A*., 87 F.Supp.2d 281, 298 (S.D.N.Y. 2000). The Court may deny leave only if the amendment has been delayed unduly, is sought for dilatory purposes or is made in bad faith, or would unfairly prejudice the opposing party. *Lee v. Regal Cruises, Ltd*., 916 F.Supp. 300, 303 (S.D.N.Y. 1996), aff'd, 116 F.3d 465 (2d Cir. 1997), citing *Foman v. Davis*, *supra*, 371 U.S. at 182. None of the justifications for denying a motion to amend is present in the case at bar.

## Conclusion

Defendants respectfully submit that their motion for leave to serve a First Amended Answer and Counterclaims should be granted.

Dated: New York, New York
August 5, 2008

          **GREGG J. BORRI LAW OFFICES**


By: _____s/_____
    Gregg J. Borri (GJB 5971)
    Attorney for Defendants & Counterclaim Plaintiff
    *Marie Pupke & Eiffel Investment Group*
    61 Broadway, Suite 2125
    New York, New York 10006
    (212) 980-8866
    gborri@borrilaw.com


    **SWEETAPPLE, BROEKER & VARKAS, PL**
    Attorney for Defendants & Counterclaim Plaintiff
    *Marie Pupke & Eiffel Investment Group*
    150 East Boca Raton Road
    Boca Raton, Florida 33432
    (561) 392-1230